Territorial Law Library

FILED
SUPERIOR COURT
GUAM

2013 SEP 24 PM 4: 03

CLERK OF COURT
BY: _____

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,           )     CRIMINAL CASE NO. CM0719-99
                              )
                              )
        vs.                   )         DECISION AND ORDER
                              )        ON MOTION TO DISMISS
                              )
KIM WON HO,                   )
                              )
            Defendant.        )
                              )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 3, 2013 on Defendant's Motion to Dismiss. The People were represented by Assistant Attorney General James Collins. Defendant was represented by Attorney Richard Dirkx. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant was arrested on June 17, 1999 and was released on June 18, 1999. When Defendant did not attend a hearing on January 27, 2000, a bench warrant was issued. Defendant was subsequently arrested pursuant to the bench warrant on May 30, 2012. Defendant maintains that he was misinformed as to the necessity of returning to court in January of 2000 and that he never knew of the warrant. The record indicates that in the twelve-year gap between his initial arrest in this matter and the execution of the warrant, there was no effort to serve the warrant upon him.

On April 11, 2013, Defendant filed his Motion to Dismiss the Complaint. He argues the twelve-year delay in serving the warrant was unreasonable and that the Court has inherent power to dismiss a criminal case for failure to prosecute. On

April 24, 2013, The People filed their Opposition to the motion, arguing good cause for the delay as time tolls in cases where defendants fail to appear and cannot reasonably be located for further criminal process. As will be discussed below, this Court finds that a violation has occurred and dismissal is proper.

## DISCUSSION

The court shall dismiss a criminal action if the trial of a defendant who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or the trial of a defendant who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment. 8 G.C.A. § 80.60(a)(1)-(2). Conversely, a criminal action shall not be dismissed if good cause is shown for the failure to commence the trial within the prescribed period. *See* 8 G.C.A. § 80.60(b)(3). If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. 8 G.C.A. § 80.70(b).

The term "good cause" is not statutorily defined. People v. Julian, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." *Id*. Here, more than twelve years elapsed between the issuance of the Court's bench warrant and its execution. Defendant's absence could have been remedied with reasonable attempts to execute the warrant.

As discussed *supra*, the record for this case is devoid of any attempts to serve Defendant Kim with the bench warrant. This issue was also discussed in Julian. "The Court's delay is attributable to the People." See Julian ¶ 22. While it is true time should toll where defendants are avoiding service, here there was simply no attempt at service found in the record. There is no evidence Defendant was attempting to avoid service.

For these reasons, this Court finds the delay in bringing the defendant to trial is unreasonable and unnecessary. Therefore, the Court exercises its discretion and hereby dismisses this criminal action with prejudice.

Decision and Order
Case No. CM0719-99

# CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is hereby **GRANTED**. Dismissal shall be with prejudice. The Defendant shall prepare a judgment consistent with this Decision.

It is **SO ORDERED** this 24th day of September, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

SEP 2 4 2013

Esther L. G. Pinaula
Deputy Clerk, Superior Court of Guam

